# STATE OF FLORIDA v GANZEMILLER
## Case No. CJAP 90-43
Ninth Judicial Circuit, Orange County
April 9, 1991

## APPEARANCES OF COUNSEL

**Paul Kaufman,** Assistant State Attorney, for appellant.
**Whitney Burke, Esquire,** for appellee.

Before JAMES C. HAUSER, Circuit Judge.

## OPINION OF THE COURT

This cause came before this court as an appeal from the county court of Orange County, Florida.

The facts are not in serious dispute. The defendant was arrested for the crime of driving under the influence of alcohol. Prior to taking the breath test, the defendant asked the police officer what would happen if he passed the breath test. The officer told the defendant, that if the defendant passed the breath test, he would be "unarrested."[1] Based on this representation, the defendant took the breath test and registered a blood alcohol concentration of .169 and .149. Clearly the defendant did not "pass" the test because both results exceeded the level of .10, which constitutes prima facie evidence that the defendant was under the influence of alcohol.[2]

Despite the fact that the defendant did not pass the test, the trial court suppressed the breathalyzer results for two reasons. First by misleading the defendant as to what would happen if the defendant passed the breath test, the officer failed to comply with the Florida Implied Consent law and second it was fundamentally unfair for the police officer to mislead the defendant that if he had passed he would be unarrested.

It is this court's opinion that the officer mislead the defendant when he informed the defendant, that if he took the breathalyzer test and passed, the defendant would be unarrested. However based on the facts of this case, the defendant was not mislead. The defendant knew that if he did not pass the test, he would not be unarrested, thus he can not claim either surprise or prejudice. Thus the defendant's decision to take the breath test was voluntary. Since the defendant did not pass the breath test, the results should not have been suppressed.

This is not a case, as in *State v Henry*,[3] where the defendant was coerced into taking the breath test. In that case the defendant was told that if he did not take the test, he would have to spend a 3 day weekend in jail. As was pointed out in that case, if the defendant had been told that if he refused to take the test, he would have been shot, surely the decision to take the test would not have been voluntary.

---

[1] Although not totally clear from the record, if the defendant had passed the breath test the officer would not have been able to unarrest the defendant. What would constitute a passing mark is not clear, but for purposes of this appeal, this court need not address that issue. Nor does this court answer whether the breath test would have to be suppressed if the defendant had passed the breath test. The court does note that under the last scenario, the defendant would have been clearly mislead.

[2] Fla. Stat. 316.1934(2)(c).

[3] *State v Henry*, 15 F.L.W. c21 (15th Cir. App. 1990)

The court does note that a county court judge has ruled to the contrary and that this appeal conflicts with that decision.[4]

It is therefore ordered and adjudged that the trial court's decision to suppress the breathalyzer test is hereby reversed and that the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

DONE and ORDERED this 9th day of April, 1991.

[4] *State of Florida v Tucker,* 26 Fla.Supp.2d 88 (County Court, Palm Beach County 1987)